(August 19, 1913.)

FRED VEATCH, Plaintiff, v. CITY OF MOSCOW et al., Defendants.

[134 Pac. 551.]

WRIT OF PROHIBITION—MUNICIPAL BONDS—IMPROVEMENT DISTRICT— CONSTRUCTION OF STATUTE—PAYMENT OF BONDS—INTEREST ON REDEMPTION.

1. Under the provisions of subd. 11, sec. 2238, Rev. Codes, as amended by Sess. Laws 1911, p. 266, relating to the powers of cities and villages, "The owner of any piece of property liable for any special assessments may redeem his property from such liability by paying the entire assessment chargeable against his property, upon the city or village clerk having published a printed notice in three consecutive issues of the official weekly newspaper, which notice shall state the time for payment to begin and the time for the payment to close, the last day of said notice to be not less than thirty days before the issuance of the bonds, or after the issuance of the bonds, by paying all the instalments of the assessments which have been levied and also the amount of unlevied instalments with interest on the latter" at the rate at which said indebtedness bears, as stated in the bonds representing such indebtedness.

2. Under said section the interest which such bonds may bear is limited to seven per cent per annum, and if municipal bonds are

issued which draw but six per cent, the person who desires to redeem his property from such liability is not required to pay a higher rate of interest than he would be required to pay if the bonds were permitted to run until the instalments all became due.

3. Said statute contemplates that the interest on such indebtedness shall be paid at least annually, and the ordinance which provides for the issuance of said bonds provides that such bonds shall bear interest at the rate of six per cent per annum, interest payable annually.

4. *Held,* that the peremptory writ of prohibition must issue to restrain the defendants from collecting more than six per cent interest per annum to the date of the maturity of instalments of the principal from the property owner who desires to redeem his property from the lien created by such assessments.

Original proceeding in this court for a writ of prohibition against the city of Moscow and its mayor and council. Allowed in part and denied in part.

Wm. M. Morgan, for Plaintiff.

Geo. G. Pickett, for Defendants.

Council cite no authorities on points decided.

SULLIVAN, J.—This is an original application in this court for a writ of prohibition enjoining and prohibiting the defendants, the city of Moscow and the mayor and common council thereof, from issuing local improvement bonds for District No. 1 of said city, in the sum of $59,200, in the form prescribed in Ordinance No. 376 of said city, and from collecting from a redemptioner seven per cent interest per annum on six per cent bonds.

The bond which the city intends to issue is in the usual form of such bonds with interest coupons attached for each year's interest to become due on the bond. The questions for decision here involve the proper construction to be placed upon a part of subd. 11 of sec. 2238, as amended by Sess. Laws 1911, p. 266, which part of said subdivision is as follows:

"The owner of any piece of property liable for any special assessments may redeem his property from such liability by paying the entire assessment chargeable against his property, upon the city or village clerk having published a printed notice in three (3) consecutive issues of the official weekly newspaper, which notice shall state the time for payment to begin and the time for the payment to close, the last day of said notice to be not less than thirty (30) days before the issuance of the bonds, or after the issuance of the bonds, by paying all the instalments of the assessments which have been levied and also the amount of unlevied instalments with interest on the latter at the rate of seven (7) per centum per annum from the date of the issuance of the rate bonds to the time of maturity of the last instalment. In all cases where instalments of the assessments are not yet levied and paid as above provided, whether before or after the issuance of the bonds, the same shall be paid to the city treasurer, who shall receipt therefor, and all sums so paid shall be applied solely to the payment of such improvements or the redemption of the bonds issued therefor."

The above-quoted part of said section refers to the redemption by the land owner of his property liable for such special assessments by paying all of the instalments of the assessments which have been levied and also the amount of unlevied instalments "with interest on the latter at the rate of seven per centum per annum from the date of the issuance of the rate bonds to the time of maturity of the last instalment." Under a literal and technical construction of said language, a person who desires to redeem his property and pay off the entire assessment before the same becomes due would be required to pay on a six per cent bond one per cent more than the bond called for. This certainly was not the intention of the legislature. In authorizing a redemption it was not intended that one who desired to redeem his property from such assessments would be required to pay a penalty of one per cent more than the bond called for in order to do so. The legislature limited the amount of interest which said bonds should draw to seven per cent per annum, and if such

municipal bonds draw only five or six per cent, the person who desires to redeem should not be required to pay a higher rate of interest than he would be required to pay if the bonds were permitted to run until the instalments became due. We therefore hold that a person who desires to redeem his property or clear it of the lien created by the issuance of such bonds may do so by paying the assessment against his property in full with the legal rate of interest which the bond draws, until the bond becomes due.

It is next contended that the bonds intended to be issued by the city provide for the payment annually of interest upon the entire indebtedness created by such bonds, and under said law, the interest upon the entire indebtedness is not required to be paid annually but only required to be paid upon each instalment at the maturity of such instalment. In other words, it is contended that as one-tenth of said indebtedness becomes due each year, the interest on that sum must be paid, but that the interest on the other instalments need not be paid annually but only when the instalments become due. That is, no interest is required to be paid on the last one-tenth of the indebtedness until the same becomes due in 1923.

There is no merit whatever in that contention. While the language used in subd. 11 of said section is a little obscure and uncertain, it is clear that the legislature did not intend to pass an act and require bonds to be issued in a form that they could not be negotiated. If on the last instalment of said bonds due ten years hence no interest would be paid until the instalments became due, it is clear that a purchaser could not be found for such a bond, and it will not be presumed by this court that the legislature intended to pass an act that would in effect prohibit municipal improvements. Taking that whole section together, it clearly contemplates that annual interest shall be paid upon such bonds and that interest coupons shall be attached to such bonds for each year's interest to the maturity of such bond. Said ordinance is drawn in conformity with this view and is clearly within the reasonable and fair construction of the provisions of said section.

Said ordinance provides, among other things, for bonds in the sum of $59,200 and that such bonds shall be payable in ten equal annual instalments on July 2d of each year thereafter, to and including July 2, 1923, and that "said bonds shall bear interest from date at the rate of six per cent per annum, payable annually on the 2d day of July of each year and shall be executed in substantially the following form." Then follows a form of the bond, and to the bonds are to be attached interest coupons for the annual interest becoming due.

Under the provisions of said law, improvement bonds may be issued, which bonds shall not bear interest exceeding the rate of seven per cent per annum. Seven per cent per annum limits the interest that may be paid, and it evidently was the intention of the legislature, when providing for the redemption of one's property from the liability or lien caused by such special assessments that such redemption might be made by paying said bonds in full with interest on each instalment until the same became due, as provided for in the bond, and it was not intended that the redemptioner should be penalized and required to pay any greater rate of interest per annum in order to redeem than he would be required to pay had all of the instalments run until each became due.

We therefore hold that the owner of any piece of property liable for any special assessments under said ordinance and bonds may redeem his property from such liability by paying the entire assessment chargeable against his property, by paying all of the instalments of the assessments which have been levied, and also the amount of unlevied instalments with interest on the latter at the rate provided for in the bond, which, in the case at bar, is six per cent per annum from the date of the issuance of the bonds to the date of maturity of the last instalment.

The peremptory writ of prohibition will therefore be issued to restrain the defendants from collecting more than six per cent interest per annum to the date of the maturity of such instalments, from the property owner who desires to redeem his property from the lien created by such assessments, and

the writ will be denied as to the issuing, uttering, negotiating and selling such interest-bearing bonds in the form of and in accordance with a copy of said bonds and coupons attached to and made a part of said petition or complaint.

Costs of this proceeding are awarded to the plaintiff.

Ailshie, C. J., concurs.